THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHITNEY BILYEU, individually and as Chair of the LIBERTARIAN PARTY OF TEXAS, et al., | § § § § | |
| *Plaintiffs,* | § § § | |
| v. | § § | No. 1:21-cv-01089-RP |
| JOHN B. SCOTT, in his official capacity as the Secretary of State of the State of Texas, et al., | § § § § § | |
| *Defendants.* | § § | |

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR APPLICATION FOR PRELIMINARY INJUNCTION

Pursuant to the Agreed Interim Scheduling Order [Dkt # 20], in advance of the upcoming preliminary injunction hearing, Plaintiffs Whitney Bilyeu, individually and as Chair of the Libertarian Party of Texas, the Libertarian Party of Texas ("LPTexas"), Mark Ash, Stephanie Berlin, Joe Burnes, Arthur DiBianca, Kevin Hale, Desarae Lindsey, Arthur Thomas IV, and Mark Tippetts (collectively, "Libertarians") submit this brief in support of their application for the issuance of a preliminary injunction to prevent the enforcement of Texas Election Code § 181.0311 against them and those similarly situated.

## STATEMENT & RELIEF REQUESTED

This turns out to be a relatively straightforward case. The Court should enjoin Defendants from enforcing unconstitutional Section 181.0311 for two reasons.

First, the express language of the statute dictates what the Libertarians can and cannot "consider" at their nominating convention. Such a restriction severely infringes on First and Fourteenth Amendment rights and is not narrowly tailored. Assuming that the State of Texas has a

compelling interest, that interest concerns candidates listed on the only ballot LPTexas' nominees would appear on—general election ballot—not which candidates may be considered for nomination at a convention.[1] The law is too broad and burdensome to survive constitutional scrutiny.

Second, assuming the state actual does serve its interest in candidates showing a substantial modicum support by making them pay a filing fee, that interest is served at the time the payment is tendered. By using the filing fees as a subsidy for primary elections, the state is giving the Republicans and Democrats a direct benefit from their fees. There is no justifiable reason to deprive the Libertarian a direct benefit of their fees by depositing them into the general fund.[2]

## ARGUMENT & AUTHORITY

These Plaintiffs satisfy all requirements for the issuance of a preliminary injunction, as they are able to demonstrate "(1) a substantial likelihood that [they] will prevail on the merits, (2) a substantial threat that [they] will suffer irreparable injury if the injunction is not granted, (3) [their] threatened injury outweighs the threatened harm to the party whom [they] seek[] to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Planned Parenthood of Gulf Coast, Inc. v. Gee*, 862 F.3d 445, 457 (5th Cir. 2017).

Unless Tex. Elec. Code § 181.0311 is enjoined, the Libertarians will be injured by Texas's unconstitutional infringements upon their First Amendment and Fourteenth Amendment rights to freedom of association, freedom of speech, and equal protection under the law. Those imminent and irreparable injuries to the interests of Plaintiffs—their Constitutional rights—outweigh any

---

[1] Plaintiffs do not concede that a fee imposed by the state for their candidates for nomination is constitutional under any set of facts, and this lawsuit is aimed at the current version of Texas Election Code § 183.0311.

[2] Texas Election Code inherently recognizes that filing fees are not always a sufficient measure to show a "significant modicum of support" in the community, as candidates for certain judicial offices are still required to submit 250 signatures regardless of whether or not the candidate pays the fee. Tex. Elec. Code § 172.021(e) & (g); *see also* Bill Analysis, Enrolled Version, available at
https://capitol.texas.gov/tlodocs/85R/analysis/pdf/SB00044F.pdf#navpanes=0 last visited Feb. 11, 2022.

conceivable harm that Texas could claim should this Court enjoin enforcement of an unconstitutional law.

**I.        Plaintiffs are Likely to Succeed on the Merits.**

Section 181.0311 is unconstitutional for at least two reasons.[3] First, by prohibiting the Libertarians from "considering" anything at their conventions, the state has trodden too far into the party's inner workings. Second, while the State has a legitimate interest in requiring a candidate to show a "modicum of support" prior to ballot access, those requirements cannot be discriminatory. The filing fee does just that: by acting as a "tax" that is to be paid by the Libertarians to the general fund, but which gets reimbursed only to the Primary Parties.

"As long as the court cannot say there is no likelihood of prevailing on the merits but finds the factor of substantial likelihood of success present to some degree, then the party seeking the injunction has met its burden." *Family Rehab., Inc. v. Azar*, No. 3:17-cv-3008, 2018 WL 3155911, at *3 (N.D. Tex. June 28, 2018) (citing *Productos Carnic, S.A. v. Cent. Amer. Beef & Seafood Trading Co.,* 621 F.2d 683, 686 (5th Cir. 1980)).

As a preliminary matter, it is important that the petition and signature requirement is the alternative to paying the filing fee. *See* Tex. Elec. Code 181.0311. That is, that fee is the core requirement that allegedly serves a state interest. But if the fee itself is unconstitutional, the "in lieu of" alternative cannot stand on its own.

---

[3] Plaintiffs assert that the statute is unconstitutional for every reason stated in their pleading, but Plaintiffs are only advancing these two theories in support of their application.

A. **Section 181.0311 Violates the Associational Freedoms Guaranteed by the First and Fourteenth Amendments by Dictating what the Libertarians Can and Cannot "Consider" at their Conventions.**

Section 181.0311 violates the First and Fourteenth Amendments because it impermissibly limits what the Libertarians can and cannot consider at their conventions.[4] The First Amendment protects the right of citizens to associate and to form political parties for the advancement of common political goals and ideas. *Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 357, 117 S. Ct. 1364, 1369 (1997). With that, as the United States Supreme Court has explained, "[t]here is simply no substitute for a party's selecting its own candidates." *Cal. Democratic Party v. Jones,* 530 U.S. 567, 581, 120 S. Ct. 2402, 2412 (2000). "Any interference with the freedom of a party is simultaneously an interference with the freedom of its adherents." *Democratic Party of United States v. Wisconsin,* 450 U.S. 107, 122, 101 S. Ct. 1010, 1019 (1981) (cleaned up).

The Texas Election Code requires that LPTexas nominate candidates by convention rather than through a primary election. See Tex. Elec. Code § 181.001 *et seq.* That convention is where the actual work of nominating the LPTexas candidates happens,§ and it is where the campaigns for nomination happen in earnest. The moment of choosing a party's nominees, as the Supreme Court has said, is "the crucial juncture at which the appeal to common principles may be translated into concerted action, and hence to political power in the community." *Cal. Democratic Party v. Jones,* 530 U.S. 567, 575-76, 120 S. Ct. 2402, 2408-09 (2000), quoting *Tashjian* v. *Republican Party of Conn.,* 479 U.S. 208, 216, 93 L. Ed. 2d 514, 107 S. Ct. 544 (1986).

Although a state may regulate a party's internal processes, the Supreme Court has "continually stressed that when States regulate parties' internal processes they must act within limits

---

[4] "Considered" means "to be thought about or decided with care." *See* "consider." Merriam-Webster.com. 2022. https://www.merriam-webster.com (11 Feb. 2022).

imposed by the Constitution." *Cal. Democratic Party*, 530 U.S. at 573. Here, Section 181.0311 would impermissibly alter that selection process and intrude on the Libertarians' associational freedoms by prohibiting a candidate from even being "*considered for nomination by convention"* unless a filing fee has been paid. The First Amendment, as applied to the states through the Fourteenth Amendment, protects the right of citizens to associate for political purposes and stands as bulwark against governmental attempts to restrict these rights. *See Tashjian*, 479 U.S. at 217. Even more so, the "cases vigorously affirm the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party 'selects a standard bearer who best represents the party's ideologies and preferences.'" *Cal. Democratic Party*, 530 U.S. at 575, *citing Eu v. S.F. Cty. Democratic Cent. Comm.*, 489 U.S. 214, 224 (1989).

Limiting what the Libertarians may and may not "consider" at their convention poses a severe burden. That restriction is the severest possible, as it unquestionably quiets speech and associational rights. The Libertarians may not think about, much less debate, the merits of an individual candidate unless that person has paid the filing fee. Regulations imposing severe burdens like this must be narrowly tailored and advance a compelling state interest. *Timmons,* 520 U.S. at 353; *Citizens United v. FEC*, 558 U.S. 310, 339-40, 130 S. Ct. 876, 898-99 (2010) ("Laws that burden political speech are 'subject to strict scrutiny,' which requires the Government to prove that the restriction 'furthers a compelling interest and is narrowly tailored to achieve that interest.'"). Thus, strict scrutiny applies when evaluating Section 181.0311.

If Section 181.0311 gets enforced, the filing fee or petition in lieu of filing fee requirement would expressly prohibit an interested and otherwise qualified candidate seeking nomination from being "considered" by LPTexas at its conventions. The rule further prohibits any noncompliant candidates from political speechmaking at convention whatsoever.  The statute is not narrowly tailored, as it creates an impermissible chilling effect upon speech and the potential pool of

candidates available for nomination at convention. That, in turn, affects not only the rights of the potential candidates, but the "speech" and association of the Libertarians themselves and Texas voters statewide.

No legitimate state interest is furthered by this new roadblock. Nor can the State suggest that the statute furthers an end goal of creating uniformity with the Primary Parties. The Libertarians by statutory design do not take part in the primary election process, as the Texas Election Code requires conventions to be the sole manner for LPTexas to determine its general election candidates. The ability to associate with and speak about such candidates is critical to that process. Without it, the rights of the Libertarians become infringed.

For all of these reasons, this Court should grant Plaintiffs the requested injunctive relief to prohibit enforcement of Section 181.0311.

### B. Sec. 182.0311 Violates The Fourteenth Amendment Guarantee Of Equal Protection.

The State may justify that the filing fee demonstrates a "modicum of support" for a candidate, and it might explain that it treats all the candidates the same: the same fee, the same deadline, and the same signature requirement in lieu of the fee. *See* Tex. Elec. Code §§ 141.041(b), (e); 172.024-25. Even if this were true, "'[sometimes] the grossest discrimination can lie in treating things that are different as though they were exactly alike.'" *See Anderson v. Celebrezze*, 460 U.S. 780, 801(1983) *citing Jenness v. Fortson*, 403 U.S. 431, 442 (1971).

The logistics of the filing fee discriminates in practice. Republicans and Democrats pay their filing fees to their respective party, which then uses those fees to reimburse its costs incurred "in connection with the primary election." *See* Tex. Elec. Code §§173.033-.034. LPTexas candidates instead are to pay their filing fees directly to the State's general fund. LPTexas will not receive any of those fees back from the State to defray the cost of its convention process. Instead, LPTexas is left

to fund its own conventions. Thus, in practice, the filing fee as applied serves as a de facto "poll tax" upon LPTexas candidates rather than as a legitimate gatekeeping mechanism. Such taxation without any corresponding benefit fails to further a legitimate (yet undefined) state interest. The unequal treatment and discrimination suffered by the Libertarians results solely from and because of their political affiliation, is substantial, and is not justified by any legitimate state interest. Any state interest in requiring a "modicum of support" is fully served when a candidate tenders the fee, but there is no legitimate reason that explains why filing fees similarly cannot be paid directly to the LPTexas and be used to pay for expenses "in connection" with its conventions.

The discriminatory treatment even extends to refunds of paid filing fees if a candidate later becomes unavailable for the general election. Specifically, the Texas Election Code contains a "refund" provision for filing fees that have been paid by Primary Party candidates who die, are declared ineligible, or whose "application *for a place on the ballot* is determined not to comply with the requirements as to form, content, and procedure that it must satisfy for the candidate's name to be placed on the ballot," but Section 181.0311 contains no like provision for LPTexas candidates who later become unavailable. *Compare* Tex. Elec. Code § 141.038(a) (emphasis added) and Tex. Elec. Code § 181.0311. In such a scenario, an LPTexas candidate's fees will escheat to the state, but a primary party's candidate gets refunded.

No legitimate state interest is served by furthering a system that creates unequal treatment and discriminates because of political party affiliation. Section 181.0311 does so, and it infringes on various constitutional rights of LPTexas and its candidates. Accordingly, this Court should grant a preliminary injunction to enjoin its enforcement.

## II.     Plaintiffs Will Suffer Irreparable Harm Unless Injunctive Relief is Granted.

"To show irreparable injury if threatened action is not enjoined, it is not necessary to demonstrate that harm is inevitable and irreparable." *Humana, Inc. v. Avram A. Jacobson, M.D., P.A.,*

804 F.2d 1390, 1394 (5th Cir. 1986). Instead, "[t]he plaintiff need show only a significant threat of injury from the impending action, that the injury is imminent, and that money damages would not fully repair the harm." *Id.* (footnote omitted).

Importantly, the Fifth Circuit has repeatedly held that "the loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury justifying the grant of a preliminary injunction." *Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 539 (5th Cir. 2013) (internal quotation marks and citation omitted); *see also Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 49 L. Ed. 2d 547 (1976) ("The loss of First Amendment freedoms, for even minimal amounts of time, unquestionably constitutes irreparable injury.").

Excluding candidates who have not paid the fee from "consideration" at LPTexas conventions will cause irreparable harm to Plaintiffs' voting, speech, and associational rights, all protected by the First and Fourteenth Amendments. *See Williams v. Rhodes*, 393 U.S. 23, 31 (1968). That harm is imminent because the Libertarians are required by statute to have their conventions on specific days, the first of which is March 8, 2022. See Tex. Elec. Code § 181.061. There is no way to redo the speech and debate that will occur at those conventions. This is, by definition, irreparable and immanent harm.

Absent relief, Tex. Elec. Code § 181.0311 will cause LPTexas to be severely restricted, or barred, from running candidates in Texas's 2022 general election who did not or could not pay the unconstitutional filing fee (or submit signed petitions in lieu of that) by the deadline of December 13, 2022. Because Plaintiffs will face loss of their constitutional rights should Section 181.0311 be enforced, the preliminary injunction should be granted.

### III. The Balance of Equities and Public Interest Weigh in Favor of Granting Injunctive Relief to Prevent Enforcement of Section 181.0311.

Texas itself lacks any legitimate interest in the implementation of an unconstitutional statute. *See N.Y. Progress & Prot. PAC v. Walsh,* 733 F.3d 483, 488 (2d Cir. 2013). "It is always in the public interest to prevent the violation of a party's constitutional rights." *Simms v. District of Columbia*, 872 F.Supp.2d 90, 105 (D.D.C. 2012) (collecting cases); *ODonnell v. Harris County*, 251 F. Supp. 3d 1052, 1159 (S.D. Tex. 2017). Even if Defendants had a legitimate interest, any delay in enforcing Section 181.0311's filing fee or petition requirements after the December 13, 2021 deadline has passed does not create any substantial prejudice that outweighs the threatened injury to the Plaintiffs: the incurable loss of their First and Fourteenth Amendment rights.

Furthermore, any harm to the state is curable because, should there ultimately be a determination be that the filing fee is constitutional, there is already a statutory mechanism to remove ineligible or otherwise procedurally defective candidates from the ballot, all the way until 30 days before the general election. *See* Tex. Elec. Code §§ 141.034 & 145.003.

Granting injunctive relief will further the public interest, including voters across Texas who wish to support LPTexas candidates. The reasons for the new restrictions imposed by Tex. Elec. Code § 181.0311 should be met with skepticism given that Defendants cannot dispute that the State of Texas regulated ballot access for political parties like LPTexas for more than 50 years before enacting Tex. Elec. Code § 181.0311. There will be no adverse financial impact to the state as no state funds are used to pay for LPTexas conventions.

Enjoining the enforcement of Sec. 181.0311 during the 2022 election cycle will not harm the public interest of Texas voters. To the contrary, an injunction will protect the right of all Texans to cast their votes effectively and for a broader pool of qualified candidates. See *Texans for Free Enter. v. Texas Ethics Comm'n,* 732 F.3d 535, 539 (5th Cir. 2013).

## **CONCLUSION**

For these reasons, Plaintiffs ask the Court to issue a preliminary injunction enjoining Defendants from enforcing the filing fee and petition requirements set forth in Texas Election Code § 181.0311, as applied to Plaintiffs and those similarly situated.

Dated: February 11, 2022							Respectfully submitted,


										By: /s/ Jared G. LeBlanc
										Jared G. LeBlanc
										Texas Bar No.24046279
										jleblanc@gamb.com
										Adam J. Russ
										Texas Bar No. 24109435
										aruss@gamb.com
										Brandon A. O'Quinn
										Texas Bar No. 24092914
										boquinn@gamb.com

										GORDON, ARATA, MONTGOMERY, BARNETT, MCCOLLAM, DUPLANTIS & EAGAN, LLC
										2229 San Felipe, Suite 1100
										Houston, Texas 77019
										713.333.5500

										**ATTORNEYS FOR PLAINTIFFS**


### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon Defendants, by and through their counsel of record, electronically through the Clerk's ECF system on February 11, 2022.

										/s/ Jared G. LeBlanc
										Jared G. LeBlanc