THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WHITNEY BILYEU, individually and as Chair of the LIBERTARIAN PARTY OF TEXAS, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> JOHN B. SCOTT, in his official capacity as the Secretary of State of the State of Texas, et al., <br><br> *Defendants.* | § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:21-cv-01089-RP |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR
APPLICATION FOR PRELIMINARY INJUNCTION**

**I.   Strict Scrutiny Applies Because Section 181.0311 Invades the Libertarians' Nominating Process.**

Defendants mistake the level of scrutiny applicable to this challenge to Tex. Elec. Code § 181.0311 because they understate the severity of the burden, which is on the Libertarians' actual nominating process. As the United States Supreme Court has explained:

> Unsurprisingly, our cases vigorously affirm *the special place the First Amendment reserves for, and the special protection it accords, the process by which a political party "selects a standard bearer who best represents the party's ideologies and preferences."* Eu, 489 U.S. at 224 (internal quotation marks omitted). *The moment of choosing the party's nominee, we have said, is "the crucial juncture at which the appeal to common principles may be translated into concerted action, and hence to political power in the community."* Tashjian, 479 U.S. at 216; see also *id*. at 235-236(SCALIA, J., dissenting) ("The ability of the members of the Republican Party to select their own candidate . . . unquestionably implicates an associational freedom"); *Timmons,* 520 U.S. at 359("The New Party, and not someone else, has the right to select the New Party's standard bearer" (internal quotation marks omitted)); *id*. at 371 (STEVENS, J., dissenting) ("The members of a recognized political party unquestionably have a constitutional right to select their nominees for public office").

*Cal. Democratic Party v. Jones*, 530 U.S. 567, 575-76 (2000)(emphasis added). Strict scrutiny applies because the law forces the Libertarians to pay a fee before they can lawfully consider something at their nominating conventions.

The plain and ordinary meaning of "considered" belies Defendants' suggestion that "Section 181.0311 sets forth no limitations on internal party operations." (Defs.' Br. Opp. at 6.) The Fifth Circuit has held that, although courts should try to "reasonable narrowing construction" to interpret a statute in favor of finding constitutionality, "A statute must be "readily susceptible" to a construction for a court to adopt it." *City of El Cenizo v. Texas*, 890 F.3d 164, 182 (5th Cir. 2018) *citing Erznoznik v. City of Jacksonville*, 422 U.S. 205, 216-17 (1975) (refusing to adopt a limiting construction because "the ordinance by its plain terms [was] not easily susceptible of" one). LPTexas and its delegates may not, formally or informally, "consider for nomination by convention" anyone who has not paid the filing fee. If it has an interest, the state's interest in on who goes on the ballot, not what the Libertarians consider at their conventions.

With regard to the discrimination that Section 181.0311 inflicts, Defendants' reliance on *Am. Party of Tex. v. White* is misplaced. 415 U.S. 767 (1974). Although White does stand for the (aging) proposition that the state has no obligation to allocate taxpayer general funds to pay for conventions, it does *not* stand for the proposition that the state may charge all candidates the same fee but then use those funds to benefit the major parties while discriminating against the minor parties. *See id.* at 792-94. The filing fee helps pay for the Republicans and Democrats' nomination procedures; it takes resources away from the Libertarians.

## II. Plaintiffs did not Unduly Delay Seeking Relief, and the Election at Issue is the General Election in November.

Plaintiffs did not unduly delay in seeking relief, and the election at issue here is the general in November. Although Defendants suggest that "the substantive requirements of Section 181.0311

have been the law since September 1, 2019," the requirements of prior Section 141.041 are different. The old statute made the filing fee prerequisite for an individual "eligible to be placed on the ballot," and that fee was due only *after* that individual has actually been "nominated by convention." *See In re Green Party of Tex.,* 630 S.W.3d 36, 39 (Tex. 2020) (holding that the fee was required only after the conventions so the secretary of state's advisory making the fees due before conflicted with the statute.

Section 181.0311, by contrast, became effective on September 1, 2021, and is much broader in scope and effect in two ways, the second of which is relevant for this case. Rather than just predicate whether a candidate is "eligible" or "entitled" to be placed on an *election* ballot, Section 181.0311 limits any consideration of a candidate at a party's nominating convention. *See* Tex. Elec. Code § 172.021.

The state also confuses the election at issue in this case. The imminent harm is to Plaintiffs at their nominating conventions, which must happen on specific days per the Election Code. *See* Tex. Elec. Code §§ 181.061 & 181.063. The only ballot that the Libertarians will appear on is the general election ballot in November. *See also In re Tex. House Republican Caucus PAC,* 630 S.W.3d 28, 34 (Tex. 2020) (holding that applications for place on the ballot and for nomination by convention are two separate things under the Texas Election Code).

Beyond that, the *Purcell* principle should not apply under these circumstances. Justice Kavanaugh recently explained the limitations of that doctrine, foreshadowing its inapplicability in a situation like this where a preliminary injunction is sought eight months before a general election occurs and even before the convention nominating process begins:

> Although the Court has not yet had occasion to fully spell out all of its contours, I would think that the *Purcell* principle thus might be overcome even with respect to an injunction issued close to an election if a plaintiff establishes at least the following: (i) the underlying merits are entirely clearcut in favor of the plaintiff; (ii) the

> plaintiff would suffer irreparable harm absent the injunction; (iii) the plaintiff has not unduly delayed bringing the complaint to court; and (iv) the changes in question are at least feasible before the election without significant cost, confusion, or hardship. Cf. *Lucas* v. *Townsend*, 486 U. S. 1301 (1988) (Kennedy, J., in chambers); *McCarthy* v. *Briscoe*, 429 U. S. 1317 (1976) (Powell, J., in chambers).

*John H. Merrill, Alabama Secretary of State, et al. v. Evan Milligan, et al.,* Sup. Ct. Nos. 21A375 (21–1086) and 21A376 (21–1087), 595 U. S. _____ (2022) (Kavanaugh, J., concurring). Plaintiffs satisfy all of these requirements.

### III.     Plaintiffs will Suffer Irreparable Harm.

Defendants also argue that, simply because five of the candidate-plaintiffs paid the filing fee imposed by Section 181.0311(a), "there is no possibility of irreparable harm if the law is not enjoined." (Defs.' Br. Opp. at 9.) This simplification overlooks that Plaintiffs suffer harm in various ways, including the inability to "consider" or vote for Libertarian candidate in other races who have not complied with Section 181.0311(a). In addition to reducing voter choice for Plaintiffs, the "considered" prohibition imposed by Section 181.0311(a) affects voters across Texas who would otherwise choose such a Libertarian candidate, and it further affects the associational rights of LPTexas and Plaintiffs themselves during the LPTexas conventions. Plaintiffs' ongoing harm suffered does not end merely by surrendering an unconstitutional and unconscionable filing fee paid under protest.

In cases like this, just as Fifth Circuit has guided, "the loss of First Amendment freedoms for even minimal periods of time constitutes irreparable injury justifying the grant of a preliminary injunction." *Texans for Free Enter. v. Texas Ethics Comm'n*, 732 F.3d 535, 539 (5th Cir. 2013). Simply put, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Simms v. District of Columbia*, 872 F.Supp.2d 90, 105 (D.D.C. 2012) (collecting cases). Because the Libertarian Plaintiffs will suffer loss of their freedoms – no matter how much Defendants downplay

that – this irreparable harm and the public's interest in preventing violations of constitutional rights warrant the grant of a preliminary injunction against enforcement of Section 181.0311 against them during the 2022 election cycle.

## CONCLUSION

For these reasons, Plaintiffs ask the Court to issue a preliminary injunction enjoining Defendants from enforcing the filing fee and petition requirements set forth in Texas Election Code § 181.0311, as applied to Plaintiffs and those similarly situated.

Dated: February 23, 2022                                Respectfully submitted,

                                                                   By: */s/ Jared G. LeBlanc*
                                                                     Jared G. LeBlanc
                                                                     Texas Bar No.24046279
                                                                     jleblanc@gamb.com
                                                                     Adam J. Russ
                                                                     Texas Bar No. 24109435
                                                                     aruss@gamb.com
                                                                     Brandon A. O'Quinn
                                                                     Texas Bar No. 24092914
                                                                     boquinn@gamb.com
                                                                     GORDON, ARATA, MONTGOMERY, BARNETT,
                                                                     MCCOLLAM, DUPLANTIS & EAGAN, LLC
                                                                     2229 San Felipe, Suite 1100
                                                                     Houston, Texas 77019
                                                                     Phone: 713.333.5500
                                                                     **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon Defendants, by and through their counsel of record, electronically through the Clerk's ECF system on February 23, 2022.

                                                                              */s/ Jared G. LeBlanc*
                                                                              Jared G. LeBlanc