## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| WHITNEY BILYEU, MARK ASH, STEPHANIE BERLIN, JOE BURNS, ARTHUR DIBIANCA, KEVIN HALE, DESARAE LINDSEY, ARTHUR THOMAS IV, MARK TIPPETTS, LIBERTARIAN PARTY OF TEXAS, *Plaintiffs*, | § § § § § § § § | |
| v. | § § | CIVIL ACTION NO. 1:21-cv-01089-RP |
| JANE NELSON, in her official capacity as the Secretary of State of the State of Texas, and DAVID NELSON, in his official capacity as the Deputy Secretary of State of the State of Texas, *Defendants*. | § § | |

## <u>DEFENDANTS' ORIGINAL ANSWER</u>

Defendants Jane Nelson, in her official capacity as Secretary of State of the State of Texas, and Dave Nelson, in his official capacity as Deputy Secretary of State of the State of Texas, respectfully file this answer to Plaintiffs' Fourth Amended Complaint.

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants deny each and every allegation asserted in Plaintiffs' Fourth Amended Complaint except those expressly admitted herein. The headings and paragraphs below directly correlate to the sections and numbered paragraphs of Plaintiffs' Fourth Amended Complaint. Titles of headings that are reproduced in this Answer are included for organizational purposes only, and Defendants do not admit any matter contained therein.

STATEMENT AND RELIEF REQUESTED

1.      Defendants deny the allegations of paragraph 1.

2.      Defendants deny the allegations of paragraph 2.

## JURISDICTION AND VENUE

3.      Defendants admit that they are subject to the personal jurisdiction of the Court with respect to any cognizable claims that Plaintiffs may have.

4.      Plaintiffs' claim under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 1357 has been dismissed by the Court, so Defendants are not required to answer the allegations of paragraph 4 as they relate to this claim. Defendants deny that 28 U.S.C. § 2201 enlarges the Court's jurisdiction to hear any claims which otherwise lack jurisdiction. Defendants admit that the Court has jurisdiction to hear Plaintiffs' remaining claims but deny any other allegations contained in this paragraph.

5.      Defendants deny that either declaratory or injunctive relief may be properly awarded in this case. Defendants deny any remaining allegations made in this paragraph.

6.      Plaintiffs' claim for monetary relief under 42 U.S.C. §§ 1983, 1988 has been dismissed, so Defendants need not answer the allegation contained in paragraph 6.

7.      Defendants admit that venue is proper in Austin.

## PARTIES

8.      Defendants admit that Mark Ash is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 8.

9.      Defendants admit that Stephanie Berlin is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 9.

10. Defendants admit that Whitney Bilyeu is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 10.

11. Defendants admit that Joe Burnes is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 11.

12. Defendants admit that Arthur Dibianca is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 12.

13. Defendants admit Kevin Hale is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 13.

14. The Court has terminated Desarae Lindsey from this litigation, so Defendants are not required to answer any of the allegations in paragraph 14.

15. Defendants admit that Arthur Thomas, IV, is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 15.

16. Defendants admit that Mark Tippetts is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 16.

17. Defendants admit that the Libertarian Party of Texas is a plaintiff. Defendants either lack adequate knowledge to admit or deny or deny any remaining allegations in paragraph 17.

18. Defendants admit that Jane Nelson is a defendant in her official capacity as Secretary of State. Defendants admit that the Election Code describes the Secretary of State as the State's "chief election officer" and that Ms. Nelson's official duties include prescribing standardized election forms and advising county election officials. The Secretary of State may, with certain limitations, declare ineligible individuals who fail to pay the filing fee or submit a

petition in lieu as required by Election Code § 181.0311. Defendants deny any remaining allegations made in this paragraph.

19.    Defendants admit that Jose Esparza, in his then official capacity as deputy Secretary of State, was formerly a defendant. Defendants admit that under the Election Code the deputy Secretary of State may substitute for the Secretary of State in the performance of her duties when the Secretary is absent or unable to act. Defendants deny any remaining allegations in paragraph 19.

## FACTUAL ALLEGATIONS

1.    Defendants admit that Plaintiffs have challenged Texas Election Code §§ 181.0311, 145.004, 145.036 and other sections. Defendants deny that Plaintiffs are unlawfully burdened by these or any other provisions of the Election Code.

2.    Defendants admit that political parties that received at least 20 percent of the vote in a gubernatorial election must nominate their candidates by primary in subsequent elections. Defendants deny any remaining allegations contained in this paragraph.

3.    Defendants admit that under the Election Code candidates seeking the nomination of a "Primary Party" make an application and either pay a filing fee or submit a petition with an above-minimum number of signatures. Defendants deny any remaining allegations made in this paragraph.

4.    Defendants admit that the Election Code requires candidates to pay the filing fee described in paragraph 3 to the "Primary Party" whose nomination they are seeking. Defendants admit that the Election Code authorizes certain state funds be used to finance party primaries but deny any remaining allegations made in this paragraph.

5.      Defendants admit that under the Election Code candidates who receive the majority of votes cast in a primary election are placed on the general ballot. Defendants deny any remaining allegations contained in this paragraph.

6.      Defendants admit that under the Election Code parties that received less than 20 percent of the votes for the previous gubernatorial election must select their candidates by convention. Defendants admit that Section 181.005 of the Election Code sets forth provisions by which a political party required to make nominations by convention may qualify to have the names of its nominees placed on the general election ballot.Defendants deny any remaining allegations contained in this paragraph.

7.      Defendants admit that the Election Code requires convention candidates to submit an application as alleged and admit that Plaintiffs do not challenge this unobjectionable requirement.

8.      Defendants admit that Plaintiffs are challenging the Election Code's requirements that convention candidates pay the filing fee or deliver their signed petition to the Secretary of State and admit that the Code requires 'primary party' candidates to pay a fee or submit a petition to their parties. Defendants deny that primary parties and their candidates are similarly situated to convention parties and their candidates. Defendants deny any remaining allegations contained in this paragraph.

9.      Defendants admit that applications for nomination at a convention, much like applications to appear on a primary ballot, are not applications to appear on a general ballot. Defendants deny any remaining allegations contained in this paragraph.

10.     Defendants admit that associational rights are important. Defendants deny any remaining allegations contained in this paragraph.

11.     Defendants admit that certain requirements that Plaintiffs complain of were enacted in 2019. Defendants deny any remaining allegations contained in this paragraph.

12.     Defendants admit that the Texas Legislature enacted HB 2504 in 2019 and admit that together with other Election Code provisions, in 2020 HB 2504 required individuals to pay a filing fee or submit a signed petition to become candidates for the Libertarian Party of Texas on the general election ballot. Defendants deny any remaining allegations contained in this paragraph.

13.     Defendants admit that a major purpose of the filing fee or petition requirement is to standardize the nomination requirements for minor and major party candidates and deny that this purpose is "pretextual." Defendants admit that the $230,000 figure was an estimate by the Legislative Budget Board of revenues from filing fees collected due to HB 2504. Defendants deny any remaining allegations contained in this paragraph.

14.     Defendants deny the allegations contained in this paragraph.

15.     Defendants admit that the figures quoted are accurate for some Libertarian Party candidates during the 2022 elections. Defendants deny any remaining allegations contained in this paragraph.

16.     Defendants deny that Mark Ash was a candidate for a place on the Texas Supreme Court in 2018.

17.     Defendants deny any substantive allegations made in this paragraph.

18.    Defendants admit that SB 2093 was signed into law on May 26, 2021, and that it modified the Election Code in the manner cited by this paragraph. Defendants deny any remaining allegations contained in this paragraph.

19.    Defendants admit that SB 994 was signed into law on June 18, 2023, and that it modified the Election Code in the manner cited in this paragraph. Defendants deny any remaining allegations contained in this paragraph.

20.    Defendants admit that SB 994 gives the Secretary of State qualified authority to declare candidates ineligible for the general election ballot due to failure to comply with the Election Code's filing fee or petition requirement. Defendants deny any remaining allegations contained in this paragraph.

21.    The Court has ruled that Plaintiffs failed to allege a plausible injury to their First Amendment speech rights, and Defendants are not required to answer allegations asserting such an injury. Defendants deny that the challenged provisions violate Plaintiffs' associational rights. Defendants deny any remaining allegations contained in this paragraph.

22.    The Court has ruled that Plaintiffs failed to allege a plausible injury to their First Amendment speech rights, and Defendants are not required to answer allegations asserting such an injury. Defendants deny that the filing fee and petition requirements violate Plaintiffs' associational rights. Defendants deny any remaining allegations contained in this paragraph.

23.    Defendants deny the allegations made by this paragraph.

24.    Defendants admit that the State has an interest in reducing ballot overcrowding and frivolous candidacies but deny that these interests preclude regulation of the nomination process. Defendants deny any remaining allegations contained in this paragraph.

25.     Defendants admit that Plaintiffs are alleging claims under the Fourteenth Amendment's Equal Protection Clause. Defendants deny any remaining allegations contained in this paragraph.

26.     Defendants admit that the filing fees are the same amount for both primary party and convention party candidates, and—partially for that reason—deny that the filing fee requirement impermissibly discriminates under the Fourteenth Amendment. Defendants deny any remaining allegations contained in this paragraph.

27.     Defendants admit that under the Election Code primary parties, including the Republican and Democratic parties, receive filing fees paid by candidates for their nomination. Defendants deny any remaining allegations contained in this paragraph.

28.     Defendants admit that under the Election Code candidates who seek the nomination of convention parties, including the Libertarian Party of Texas, pay filing fees into the State's or county's general revenue fund. Defendants deny any remaining allegations contained in this paragraph.

29.     Defendants admit that Plaintiffs are not challenging the requirement for candidates to pay a filing fee but deny that the Election Code unfairly discriminates by requiring fees to be paid in advance of nomination by convention. Defendants deny any remaining allegations contained in this paragraph.

30.     Defendants deny the allegations made in this paragraph.

31.     Defendants deny the allegations made in this paragraph.

32.     Defendants deny the allegations made in this paragraph.

33.     The Court has dismissed Plaintiffs' claim for monetary relief, so Defendants are not required to answer the allegations made in this paragraph.

34.     The Court has dismissed Plaintiffs' claim for monetary relief, so Defendants are not required to answer the allegations made in this paragraph.

35.     The Court has dismissed Plaintiffs' claim for monetary relief, so Defendants are not required to answer the allegations made in this paragraph.

36.     Defendants admit that Plaintiffs are not seeking relief on behalf of non-parties.

**COUNT ONE: Violation of Plaintiffs' Rights Guaranteed by the First and Fourteenth Amendments**

37.     Defendants incorporate their responses to Plaintiffs' allegations made within this Answer.

38.     Defendants deny the allegations made in this paragraph.

39.     The Court has found that Plaintiffs have failed to allege a cognizable injury to their First Amendment free speech rights. Defendants deny that the Election Code § 181.0311, the Code's requirement that candidates for nomination pay a filing fee or submit a petition before the nominating convention, or any other provision of State law violates Plaintiffs' associational rights. Defendants deny any remaining allegations made in this paragraph.

40.     Defendants deny the allegations made in this paragraph.

41.     Defendants deny the allegations made in this paragraph.

42.     Defendants deny the allegations made in this paragraph.

43.     Defendants deny the allegations made in this paragraph.

44.     Defendants deny that any portion of the challenged provisions violate the Constitution and further deny any other allegations made in this paragraph.

45.     Defendants deny the allegations made in this paragraph.

46.     Defendants deny that Court should declare any portion of the Texas Election Code unconstitutional and deny all other allegations made in this paragraph.

47.     Defendants deny the allegations made in this paragraph.

48.     The Court has found that Plaintiffs have failed to allege a cognizable injury to their First Amendment right to free speech. Defendants deny that the challenged provisions or any other provision of State law violate Plaintiffs' constitutional rights. Defendants deny any remaining allegations made in this paragraph.

**COUNT TWO: Violation of Plaintiffs' Rights Guaranteed by the Due Process & Equal Protection Clauses**

49.     Defendants incorporate their responses to Plaintiffs' allegations made within this Answer.

50.     Defendants deny the allegations made in this paragraph.

51.     Defendants deny the allegations made in this paragraph.

52.     Defendants deny the allegations made in this paragraph.

53.     Defendants deny the allegations made in this paragraph.

54.     Defendants deny the allegations made in this paragraph.

55.     Defendants deny the allegations made in this paragraph.

56.     Defendants admit that Section 145.003 of the Texas Election Code authorizes the Secretary of State, within specified limits, to declare individuals ineligible for the general election ballot due to failure to pay the filing fee or submit a petition in lieu. Defendants deny any remaining allegations made in this paragraph.

57.      Defendants deny the allegations made in this paragraph.

58.     Defendants deny that the challenged provisions impose obligations to pay that create legally cognizable claims for monetary or other relief and deny any other allegations made in this paragraph.

59.     Defendants deny the allegations made in this paragraph.

60.     Defendants deny that the Court should award any relief to Plaintiffs and deny any other allegations made in this paragraph.

61.     Defendants deny the allegations made in this paragraph.

62.     The Court has dismissed Plaintiffs' claims for monetary relief, and Defendants are not required to answer any allegations that pertain to such relief. Defendants deny any remaining allegations made in this paragraph.

63.     The Court has dismissed Plaintiffs' claims for monetary relief, and Defendants are not required to answer any allegations that pertain to such relief. Defendants deny any remaining allegations made in this paragraph.

64.     Defendants deny the allegations made in this paragraph.

**COUNT THREE: Cause of Action under 42 U.S.C. § 1983 & 43 U.S.C. § 1988**

65.      Defendants incorporate their responses to Plaintiffs' allegations made within this Answer.

66.     The Court has dismissed Plaintiffs' claims for monetary relief brought under 42 U.S.C. §§ 1983 and 1988, and Defendants are not required to answer any allegations that pertain to such relief. Defendants deny any remaining allegations made in this paragraph.

67.     The Court has dismissed Plaintiffs' claims for monetary relief brought under 42 U.S.C. §§ 1983 and 1988, and Defendants are not required to answer any allegations that pertain to such relief. Defendants deny any remaining allegations made in this paragraph.

68.    The Court has dismissed Plaintiffs' claims for monetary relief brought under 42 U.S.C. §§ 1983 and 1988, and Defendants are not required to answer any allegations that pertain to such relief. Defendants deny any remaining allegations made in this paragraph.

69.    The Court has dismissed Plaintiffs' claims for monetary relief brought under 42 U.S.C. §§ 1983 and 1988, and Defendants are not required to answer any allegations that pertain to such relief. Defendants deny any remaining allegations made in this paragraph.

70.    The Court has dismissed Plaintiffs' claims for monetary relief brought under 42 U.S.C. §§ 1983 and 1988, and Defendants are not required to answer any allegations that pertain to such relief. Defendants deny any remaining allegations made in this paragraph.

71.    The Court has dismissed Plaintiffs' claims for monetary relief brought under 42 U.S.C. §§ 1983 and 1988, and Defendants are not required to answer any allegations that pertain to such relief. Defendants deny any remaining allegations made in this paragraph.

COUNT FOUR: Declaratory Judgment

72.    Defendants incorporate their responses to Plaintiffs' allegations made within this Answer.

73.    Defendants deny that Plaintiffs are entitled to the declaratory relief requested in this paragraph.

ATTORNEY FEES

74.    Defendants incorporate their responses to Plaintiffs' allegations made within this Answer.

75.     Defendants deny that Plaintiffs should prevail on any of their claims and accordingly deny that Plaintiffs are entitled to recover attorney fees and other costs. Defendants deny any remaining allegations made in this paragraph.

### PRAYER

Wherefore Defendants respectfully request that the Court upon final trial or hearing in this case enter judgment as follows:

a) Deny all Plaintiffs' claims herein;

b) Deny Plaintiffs any relief herein; and

c) Grant that Plaintiffs take nothing by this action.

Date: June 26, 2024

KEN PAXTON
Attorney General of the State of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy Attorney General for Legal Strategy

RYAN D. WALTERS
Chief, Special Litigation Division

Office of the Attorney General
P. O. Box 12548, MC-009
Austin, TX 78711-2548
(512) 936-2172

Respectfully submitted,

*/s/ Johnathan Stone*
JOHNATHAN STONE
Special Counsel
Tex. State Bar No. 24071779
Johnathan.stone@oag.texas.gov

KYLE S. TEBO
Assistant Attorney General
Tex. State Bar No. 24137691
kyle.tebo@oag.texas.gov

**Counsel for Defendants**

**CERTIFICATE OF SERVICE**

I certify that on June 26, 2024, this document was filed electronically via the CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Johnathan Stone*
JOHNATHAN STONE
Special Counsel